ᴛ **FINAL**

KELLY H. RANKIN
United States Attorney
CAROL A. STATKUS, Assistant United States Attorney
United States Attorney's Office
For the District of Wyoming
2120 Capitol Avenue, 4ᵗʰ Floor
Cheyenne, WY 82001
Telephone: (307) 772-2124
Facsimile: (307) 772-2123
Email: carol.statkus@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 3 0 2009

Stephan Harris, Clerk
Cheyenne

WILLIAM E. MOENCH, Trial Attorney *(Pro Hac Vice Pending)*
RITA BYRNES KITTLE, Acting Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
303 E. 17ᵗʰ St., Suite 410
Denver, CO 80203
Telephone: (303) 866-1378
Facsimile: (303) 866-1375
Email: william.moench@eeoc.gov
       rita.kittle@eeoc.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                               )
               Plaintiff, )      CIVIL NO.   09-cv -222-D
                               )
          v. )      COMPLAINT - TITLE VII
M & N EQUIPMENT, LLC, )      JURY TRIAL DEMAND
               Defendant. )
                               )
                               )

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices consisting of retaliation for

protected activity, and to provide appropriate relief to Charging Party Holly Miller who was

adversely affected by such practices. As alleged with more particularity below, Plaintiff Equal

Employment Opportunity Commission ("EEOC") alleges that Defendant discriminated against the Charging Party by retaliating against her after she complained of sexual harassment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII").

2.    The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Wyoming.

## PARTIES

3.    Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5 (f)(1) and (3).

4.    At all relevant times, Defendant M & N Equipment, LLC (the "Employer") has continuously been a Wyoming corporation doing business in the State of Wyoming and the Cities of Casper and Pinedale, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## GENERAL ALLEGATIONS

6.      More than thirty days prior to the institution of this lawsuit, Holly Miller filed a charge with the EEOC alleging violation of Title VII by Defendant M & N Equipment.

7.      After finding reasonable cause to believe that a violation of Title VII had occurred, the EEOC invited the parties to conciliate.

8.      Defendant M & N Equipment declined the EEOC's invitation to conciliate.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     In or around February 6, 2006, Holly Miller was hired as a full time employee by Defendant.

11.     On or around September 29, 2006, Ms. Miller was subjected to what she reasonably believed to be sexual harassment by a male co-worker at a remote worksite near Pinedale, Wyoming.

12      Over the following three days, Ms. Miller reported orally and in writing to Defendant that she had been sexually harassed, including but not limited to a written complaint to Defendant's headquarters in Casper, Wyoming.

13.     Beginning in October of 2006 and continuing over the next four months, Defendant's managers embarked on a course of retaliatory conduct against Ms. Miller, in violation of §704 of Title VII, 42 U.S.C. §2000e-3(a), including but not limited to the conduct described in Paragraphs 19-25.

14.     The retaliatory conduct included, but was not limited to, significant reduction of Ms. Miller's work hours beginning in October, 2006.

3

15. The retaliatory conduct included, but was not limited to, removal of a company vehicle from Ms. Miller's possession.

16. The retaliatory conduct included, but was not limited to, failure to provide a transfer that had been promised to Ms. Miller earlier, but was given to a new employee.

17. The retaliatory conduct culminated in Ms. Miller's discharge on January 22, 2007.

18. Shortly after her discharge, Ms. Miller worked for a temporary employment agency who placed her in a job with a company named TEPPCO/Enterprise.

19. On her second day of work at TEPPCO/Enterprise, Ms. Miller's former direct supervisor at Defendant M & N Equipment, LLC, called TEPPCO/Enterprise and falsely maligned Ms. Miller's work performance.

20. TEPPCO/Enterprise terminated Ms. Miller's work assignment as a result of the phone call referred to in Paragraph 24.

## FIRST CLAIM FOR RELIEF
(Retaliation - 42 U.S.C. § 2000e-3)

21. The allegations contained in paragraphs 1 through 25 are hereby incorporated by reference.

22. Ms. Miller engaged in conduct protected by Title VII when she complained about what she reasonably believed to be sexual harassment.

23. Since at least October, 2006, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Ms. Miller to adverse terms and conditions of employment in retaliation for her protected conduct.

4

24.     Since at least January 22, 2007, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating Ms. Miller's employment in retaliation for her protected conduct.

25.     The effect of the practices complained of in the preceding paragraph has been to deprive Holly Miller of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity under Title VII.

26.     The unlawful employment practices complained of above were intentional.

27.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Charging Party Holly Miller.

28.     As a result of the retaliation, Ms. Miller suffered harm, including but not limited to lost earnings, and emotional distress.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which is taken in retaliation against any individual for attempting to protect his or her rights and engaging in a protected activity.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all persons who engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Charging Party Holly Miller, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party Holly Miller, with all attendant rights and benefts, or front pay in lieu thereof.

D.      Order Defendant to make whole Charging Party Holly Miller, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including wages, benefits, job search and relocation expenses, and medical expenses, in amounts to be determined at trial.

E.      Order Defendant to make whole Charging Party Holly Miller by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial.

F.      Order Defendant to pay Charging Party Holly Miller punitive damages for its malicious and reckless conduct described above, in an amount to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

6

Dated this 30th day of September, 2009.

Respectfully submitted,

KELLY H. RANKIN
United States Attorney

By:  Carol A. Statkus

CAROL A. STATKUS
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
James L. Lee
Acting General Counsel
Gwendolyn Young Reams
Associate General Counsel
Mary Jo O'Neill
Regional Attorney
Rita Byrnes Kittle
Acting Supervisory Trial Attorney

William E. Moench
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
(303) 866-1378

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court
documents be served on the Trial Attorneys. Duplicate service is not required on the Acting
General Counsel and Associate General Counsel in Washington, D.C.

7